IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Lloyd Mendez, | ) |
| | ) No. 2:02-CR-00184-DCN |
| Petitioner, | ) |
| | ) |
| vs. | ) |
| | ) |
| United States of America, | ) **ORDER AND OPINION** |
| | ) |
| Respondent. | ) |
| | ) |

This matter is before the court on petitioner Lloyd Mendez's motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The government filed a motion to dismiss or, in the alternative, a motion for summary judgment. Petitioner filed a reply brief, requesting that the court grant summary judgment for the petitioner and schedule an evidentiary hearing. For the reasons set forth below, the court denies petitioner's § 2255 motion and grants the government's motion to dismiss.

## I. BACKGROUND

On April 9, 2002, the government filed a two-count indictment against petitioner, charging him with two counts of distributing crack cocaine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(A). On May 1, 2002, the government filed notice pursuant to 21 U.S.C. § 851, informing petitioner that he would be subject to increased penalties based on a prior marijuana distribution conviction.

On June 10, 2002, petitioner executed a written plea agreement, pleading guilty to the second count of the indictment, which charged petitioner with distributing over fifty

1

grams of crack cocaine. On August 21, 2002, the undersigned sentenced petitioner to a mandatory minimum 240-month term of imprisonment, ten years of supervised release, and a $100 special assessment. Petitioner subsequently appealed his sentence, and the Fourth Circuit affirmed the judgment entered by this court. Petitioner filed a writ of certiorari with the Supreme Court of the United States. The Supreme Court granted certiorari, vacated the Fourth Circuit's judgment, and remanded the case for further consideration in light of its decision in United States v. Booker, 543 U.S. 220 (2005). On November 22, 2005, the Fourth Circuit again affirmed petitioner's sentence. The court held that petitioner "received the lowest possible sentence allowed by statute," and "the district court could not have imposed a lower sentence under an advisory sentencing system." United States v. Mendez, 159 F. App'x 436, 437 (4th Cir. 2005). Petitioner then filed a second writ of certiorari with the Supreme Court, which was denied on October 2, 2006.

On September 27, 2007, petitioner moved to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. His motion was based on three grounds: (1) this court relied upon incorrect information in determining his sentence; (2) his criminal history was not calculated correctly; and (3) the United States Sentencing Commission's recommendation to reduce crack cocaine penalties may benefit petitioner.[1] In response, the government filed a motion to dismiss. After considering the merits of each of petitioner's arguments, this court granted the government's motion to dismiss and denied

---

[1] The third ground also served as the basis for petitioner's motion to reduce sentence, filed on January 2, 2008.

petitioner's § 2255 motion, along with his motion to reduce sentence, on July 23, 2008.

On January 22, 2009, petitioner filed a second motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. Petitioner now argues that his appointed counsel at the time of sentencing provided ineffective assistance, in violation of the Sixth Amendment, because he failed to explain to petitioner that a 240-month sentence is the equivalent of twenty years, and he failed to explain the § 851 enhancement to petitioner. Petitioner also argues that his appointed counsel failed to challenge the characterization of his underlying state drug conviction, which served as the basis for the § 851 enhancement, thereby violating the Fifth, Sixth, and Fourteenth Amendments.

The government responded to petitioner's motion, arguing first that the motion is successive, and this court must dismiss it for lack of jurisdiction. Addressing the substance of petitioner's claims, the government argues that petitioner's counsel, Assistant Federal Public Defender (AFPD) Robert Haley, reviewed the plea agreement with the petitioner, and petitioner was well aware of the fact that he was facing a mandatory minimum sentence of twenty years during his change of plea hearing. In support of this argument, the government provides an affidavit of AFPD Haley. The government rejects petitioner's arguments challenging the characterization of his underlying state drug conviction. The government points out that the conviction is a felony conviction for distribution of marijuana, not, as petitioner claims, a misdemeanor conviction for simple possession of marijuana. The government also states that Ms. Tara Anderson-Thompson, petitioner's counsel at the time of the underlying state drug conviction, was not under investigation for drug-related offenses when she represented

petitioner. Therefore, contrary to petitioner's assertion, AFPD Haley would not be able to challenge petitioner's state drug conviction on this ground.

## II. DISCUSSION

As amended by the Antiterrorism and Effective Death Penalty Act (AEDPA) of 1996, 28 U.S.C. § 2255 bars successive applications for relief unless the claims rely on

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

United States v. Winestock, 340 F.3d 200, 204 (4th Cir. 2003) (quoting 28 U.S.C. § 2255 (h)(1)-(2)). According to 28 U.S.C. § 2244(b)(3), "A prisoner seeking to file a successive application in the district court must first obtain authorization from the appropriate court of appeals." Winestock, 340 F.3d at 205. "In the absence of pre-filing authorization, the district court lacks jurisdiction to consider an application containing abusive or repetitive claims." Id. (citing Evans v. Smith, 220 F.3d 306, 325 (4th Cir. 2000)). Therefore, pre-filing authorization is a procedural hurdle that serves as a condition precedent to a district court's review of a successive § 2255 petition on the merits.

Petitioner argues that his § 2255 motion is not successive because the civil judgment entered by the clerk of court on July 25, 2008, following his first § 2255 motion contains the phrase "without prejudice." Petitioner is correct that the judgment reflects a dismissal without prejudice; however, that wording directly contradicts the dismissal found in the July 23, 2008 order, which denies petitioner's first § 2255 motion and grants

the government's motion to dismiss with prejudice. Federal Rule of Civil Procedure 41(b) governs involuntary dismissals, such as the one entered in the July 23, 2008 order, and it states that "[u]nless the dismissal order states otherwise, a dismissal [under Rule 41(b)] and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." The order correctly reflected the court's intention to dismiss petitioner's § 2255 petition with prejudice, and the inclusion of the phrase "without prejudice" in the corresponding judgment was merely a clerical error.

Federal Rule of Civil Procedure 60(a) permits a district court, on its own initiative, to correct a clerical mistake "whenever one is found in a judgment, order, or other part of the record." Pursuant to Rule 60(a), the court will now amend the July 25, 2008 judgment, deleting the words "without prejudice." In light of this correction, petitioner's § 2255 motion is clearly successive, and he has not sought pre-filing authorization from the Fourth Circuit. Therefore, this court lacks jurisdiction to consider the merits of his claims.

### III. CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2255 proceedings provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by establishing that reasonable jurists would find that the district court's assessment of the constitutional claims is debatable or

wrong and that any dispositive procedural ruling by the district court is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683-84 (4th Cir. 2001). Here, petitioner does not meet this standard because there is nothing debatable about the court's resolution of his section 2255 petition. Accordingly, the court will deny a certificate of appealability.

## IV.  CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that petitioner's § 2255 petition is **DENIED** and the government's motion to dismiss the § 2255 petition is **GRANTED**.

**AND IT IS SO ORDERED.**

_____
**DAVID C. NORTON**
**CHIEF UNITED STATES DISTRICT JUDGE**

**June 9, 2010**
**Charleston, South Carolina**

**NOTICE OF RIGHT TO APPEAL**
The parties are hereby notified that any right to appeal this order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure.